UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDY M. GUICE                                                                 PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:06cv1-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                          DEFENDANT

## ORDER

The issues raised at present in this cause of action are similar to those addressed in the Court's ruling of October 17, 2006, in *McFarland v. State Farm Fire & Casualty Company*, Civil Action No. 1:06cv932.  The Court has before it [144] Objections to the orders of the United States Magistrate Judge denying a  Motion for Protective Order filed by Defendant.  The original Text Only Order was entered September 27; also by a Text Only Order, the Magistrate denied Defendant's [136] Motion for Reconsideration.  Defendant has also filed a [145] Motion to Stay Depositions (which have not been noticed).

This Court considers Defendant's objections under the standard set forth in Fed. R. Civ. P. 72(a): any portion of the Magistrate's order shall be modified or set aside if it is found to be clearly erroneous or contrary to law.  Defendant seeks to prevent the depositions of two of its employees who allegedly are under some form of criminal investigation arising from conduct which is among the allegations of this civil action.  Defendant's position is all-or-nothing: it wishes these two depositions not be held pending resolution of the criminal matter, and offers no other alternative contemplated by Fed. R. Civ. P. 26(c).

The United States Court of Appeals for the Fifth Circuit has observed that "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that 'the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re: Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)(citations omitted).  The only materials submitted by Defendant in support of its objections are the affidavit of an attorney representing one of Defendant's employees in matters related to the criminal investigation.  He indicates that he will advise his client to invoke his rights under the 5th Amendment.  Defense counsel's own affidavit states that he will not be permitted to interview these individuals in advance of their depositions.  Also attached to the motion is a letter from Plaintiff's counsel to the United States Magistrate Judge (with copies to all counsel of record) pointing out that Plaintiff was questioned "extensively" at her deposition with respect to her conversation with one of the potential deponents.  Otherwise, Defendant's arguments largely fall in the category of conjecture, and are the same as made in *McFarland*.

The case on which Defendant principally relies, *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979), is distinguishable, for there it was held (as described in *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981))

> that the district court erred by failing to stay a civil libel action pending the outcome of a related criminal investigation and potential prosecution or the running of the applicable statute of limitations *after* the plaintiff had *validly* claimed his fifth amendment privilege in response to the defendant's discovery requests and had sought a protective order staying the civil suit.

(Emphasis added).

Wehling was a party to the lawsuit, and was facing its dismissal for asserting his 5th Amendment privilege.

In the instant case, Defendant attempts to postpone the depositions of non-parties who are represented by their own individual counsel prior to any attempt to elicit testimony. It fails to establish that the Magistrate's Orders are clearly erroneous or contrary to law.

Accordingly, **IT IS ORDERED**:

Defendant's [144] Objections to the Order of the United States Magistrate Judge are not well taken and are, therefore, **DENIED**, and the United States Magistrate Judge is hereby **AFFIRMED**;

Defendant's [145] Motion to Stay Depositions is hereby **DENIED**.

**SO ORDERED** this the 18th day of October, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge