**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JUDY M. GUICE**                                                                   **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.1:06CV001 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                 **DEFENDANT**

**ORDER SETTING HEARING ON PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE ISSUE OF CLASS CERTIFICATION**

Plaintiff Judy M. Guice (Guice) has moved the Court [200] to reconsider its refusal [104] of her prior supplemental motion [99] for class certification. Guice seeks to establish a class of property owners who were 1) insured under homeowners policies issued by Defendant State Farm Fire and Casualty Company (State Farm); 2) whose policies were in force at the time of Hurricane Katrina; and 3) who sustained the total destruction or extensive damage to their insured property during the storm.

Ultimately, Guice seeks a declaratory judgment concerning the allocation of the burden of proof between State Farm and its policy holders. This declaratory relief would extend the Court's ruling on this legal issue, i.e. on the allocation of the burden of proof, in *Broussard v. State Farm*, Civil Action No. 1:06cv006 to all the members of the proposed class.

State Farm has moved [201] the Court to establish a scheduling order to allow extensive discovery on the issues raised by Guice's motion.

In order to assure myself that I understand the issues relevant to Guice's motion, and, if necessary, to narrow and identify these issues, I am hereby scheduling a hearing at 10:00 a.m. on February 28, 2007. I will hear from Guice and from State Farm on the question whether my ruling in *Broussard* is already generally applicable to the members of the proposed class under the doctrine of collateral estoppel. I will also hear from Guice and State Farm on whether there are other issues which may be or should be resolved in the context of the class certification Guice has proposed.

Since this ruling has the potential of affecting a large number of State Farm insureds, I will also hear from other interested parties who wish to express views that are different from those stated by Guice and State Farm. To that end, any interested party who is a member of the proposed class, i.e. any property owner insured by State Farm under a homeowners policy in force at the time of Hurricane Katrina who suffered a total loss of the insured property during the storm, may apply to participate in the hearing by filing a motion in this case, in the form attached to this order, without a supporting memorandum, on or before February 23, 2007.

**SO ORDERED** this 8th day of February, 2007.

s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JUDY M. GUICE**                                                                                             **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:06CV001**

**STATE FARM FIRE AND CASUALTY COMPANY**                    **DEFENDANT**

**Motion for Leave To Participate in Hearing on Plaintiff's Motion for
Reconsideration of the Issue of Class Certification**

     The undersigned property owner or the undersigned representative hereby moves the Court for leave to participate in the Hearing on Plaintiff's Motion for Reconsideration of the Issue of Class Certification scheduled for Wednesday, February, 28, 2007.

     The undersigned or the representative certifies that:

1.     He (or she) is an insured under a homeowners policy issued by State Farm Fire and Casualty Company;

2.     His (or her) homeowners insurance policy was in force at the time of Hurricane Katrina; and

3.     The insured property was rendered a total loss or sustained greater than 90% damage during Hurricane Katrina.

     **SO CERTIFIED** this _____ day of February, 2007.