**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**


**JUDY M. GUICE**                                                                                    **PLAINTIFF**


**V.**                                                                  **CIVIL ACTION NO.1:06CV001 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY**                                    **DEFENDANT**


<u>**MEMORANDUM OPINION ON PLAINTIFF'S MOTION TO RECONSIDER**</u>
<u>**THE ISSUE OF CLASS ACTION CERTIFICATION**</u>

The Court has before it the plaintiff's motion [200] to reconsider the issue of class certification.  For the reasons set out below, this motion will be denied.

Plaintiff Judy Guice (Guice) is an insured under a homeowners policy issued by Defendant State Farm Fire and Casualty Company (State Farm).  Plaintiff's insured residence was totally destroyed in Hurricane Katrina.  State Farm denied coverage for the plaintiff's claim on the grounds that the destruction of the insured property was caused solely by water in the form of storm surge flooding, a peril excluded under the terms of the policy at issue.  This action ensued.

Plaintiff is seeking to establish a non-opt-out class of State Farm-insured homeowners whose insured property was totally destroyed during Hurricane Katrina.  These types of cases have become known as "slab cases," because all that remains of these insured properties is their foundation.  Many other insured properties were rendered total losses or constructive total losses, but in many cases some of the insured structure was left standing.  These latter cases of total loss are not within the plaintiff's proposed class.

Plaintiff is ultimately seeking two adjudications: 1) that State Farm has the burden of proof with respect to its water-damage exclusion, and 2) that State Farm cannot meet this burden of proof in the Hurricane Katrina "slab cases."  In effect, the requested adjudications would amount to entry of judgment as a matter of law for the liability limits applicable to the "slab cases" under the State Farm homeowners policies that applied to those properties.  Plaintiff argues that a mechanism could then be established, within the class action, to ascertain whether and to what extent State Farm may be liable for extra-contractual damages to the class members.

The State Farm homeowners policy at issue provides coverage for the accidental direct physical loss of the insured property, subject to certain exclusions, the most important of which is an exclusion for water damage. While the water-damage exclusion applies to damage caused by "flood, surface water, waves, tidal water, tsunami, sieche, overflow of a body of water, or spray from any of these, all whether driven by wind or not," this exclusion has an exception for water damage caused by rain and wind driven water that enters through an opening of the insured property after a breach of the property's roof, walls, or windows.

When the plaintiffs' previous motions [37] [99] for class certification were considered and rejected [103] [104], no case against State Farm related to insurance coverage for hurricane damage had been tried. Three "slab cases" have now been tried to verdict, and I have learned some important lessons from these trials, lessons that are relevant to the merits of this motion: 1) the forces exerted by Hurricane Katrina varied substantially from one location along the Mississippi Gulf Coast to another; 2) the forces exerted against a particular building varied substantially depending on the building's proximity to the shore line; 3) the damage any given building may have sustained varied substantially depending on its age, quality of construction, and even its design (e.g. gable roof compared with hip roof) and orientation to the forces exerted by the storm, particularly the wind; and 4) claims were handled by Defendant in a variety of ways. These lessons confirm the reasoning of my decisions on the plaintiff's previous motions [103] [104] for class certification and inevitably lead me to the conclusion that there are as many differences between the "slab cases" as there are similarities in terms of the evidence available to ascertain the cause of the destruction and damage to these properties. For this reason, I do not believe there is any procedural advantage in creating a class of State Farm "slab cases" that would not be offset by the factors that will ultimately require the individual treatment of these claims.

Mississippi law is clear concerning the allocation of the burden of proof in cases of this type. The plaintiff has the burden of proof to show that the loss is covered by the terms of the policy she is asking the court to enforce. In the case of the State Farm homeowners policies at issue, the plaintiff's burden is to show that she sustained an accidental direct physical loss of the insured property (under Coverage A-Dwellings and Other Buildings) and to show that she sustained an accidental direct physical loss of the insured property from a windstorm (under Coverage B-Contents).

Hurricane Katrina was a catastrophic windstorm. Its destructive forces included strong winds, storm surge flooding, wind-driven debris, water-borne debris, and heavy rains. All of these forces are characteristic of this type of windstorm, but only some of them are within the coverage of State Farm's homeowners insurance policy. The crucial exclusion under the State Farm policy is the water damage exclusion. This exclusion covers damage from storm surge flooding, the incursion of tidal water driven on shore during this windstorm. Because this is a coverage exclusion, State Farm has the burden of proving the extent of the loss caused by this excluded peril. This rule of law concerning the allocation of the burden of proof will apply to all cases brought

against State Farm under this form of its homeowners insurance policy, and establishing a class action is not necessary to establish its general applicability.

The other relief Guice is seeking is much broader than the application of this rule concerning the burden of proof.  As I appreciate the request for class action certification, Guice seeks an order imposing liability for policy limits in all of the State Farm "slab cases."  This sweeping relief would preclude State Farm from undertaking to meet its burden of proof with respect to the question whether the excluded peril of water was the cause in fact and the proximate cause of the damage sustained by the insured. In my opinion, this relief is not appropriate and cannot be granted.

The proof available in any particular "slab case" will vary greatly from the evidence in other "slab cases."  Location along the coast, proximity to the shore line, the quality of construction, and the way the claims were handled are only four of the many possible variations that may exist.  In the *Broussard* case State Farm was unable to offer substantial evidence that would have allowed the jury to apportion the total loss between covered windstorm forces and excluded water damage.  In more recent cases, including *Gemmill* and *Williams*, State Farm was able to offer such proof.  In all cases, State Farm has a right to offer any evidence it wishes to support its view of the relevant facts, and this right is part of the most fundamental requirements of due process, in my view.

Having considered the materials submitted in support of the Motion for Reconsideration, and having heard and considered the arguments of counsel, I am of the firm opinion that the relief Guice is seeking through this class action procedure is inconsistent with the requirements of due process.  Under F.R.Civ.P. 23, the plaintiff's case lacks the element of typicality necessary to sustain a class action.  This being the case, I will decline the request for class action certification.  While each of the many "slab cases" has in common the fact that the insured property was totally destroyed during Hurricane Katrina, the many other factual differences between the cases preclude the relief that Guice is seeking.  An appropriate order will be entered.

**DECIDED** this 22nd day of March, 2007.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge